Case 2:20-cr-00390-AB   Document 1   Filed 09/01/20   Page 1 of 5   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
09/01/20
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JORGE RUBEN CAMARGO-CLARKE,<br>　aka "Cool nene,"<br>　　　"el nene," and<br>　　　"Nene,"<br><br>　　　　Defendant. | CR 2:20-cr-00390-AB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 963: Conspiracy to Distribute Cocaine for the Purpose of Unlawful Importation] |

The Grand Jury charges:

[21 U.S.C. § 963]

A.　OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about May 30, 2018, in the country of Panama, and elsewhere, defendant JORGE RUBEN CAMARGO-CLARKE, also known as "Cool nene," "el nene," and "Nene," conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be

unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and (b)(1)(B)(ii).

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendant CAMARGO's co-conspirator ("Co-conspirator 1") would obtain cocaine in Colombia for the purpose of distribution in the United States and elsewhere.

2. Defendant CAMARGO would obtain cocaine from Co-conspirator 1 and arrange with other co-conspirators to transport that cocaine from Colombia to Panama by boat for the purpose of distribution in the United States and elsewhere.

3. At defendant CAMARGO's instruction, co-conspirators would transport cocaine from Colombia to Panama and hide the cocaine in Panama.

4. After the cocaine arrived in Panama from Colombia, defendant CAMARGO and co-conspirators would transport portions of the cocaine shipment to Costa Rica and ultimately to the United States for distribution.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendant CAMARGO, together with others known and unknown to the Grand Jury, committed and caused to be committed various overt acts in the countries of Panama and Colombia including, but not limited to, the following:

1. On October 13, 2017, using coded language in electronic communications, defendant CAMARGO discussed the price of drugs in Colombia with Co-conspirator 1.

2. On October 26, 2017, using coded language in electronic communications, defendant CAMARGO asked Co-conspirator 1 if Co-conspirator 1 was ready to transport drugs from Colombia.

3. On November 9, 2017, using coded language in electronic communications, defendant CAMARGO and Co-conspirator 1 agreed to delay a shipment of drugs from Colombia to Panama due to increased law enforcement activity around Panama.

4. On November 13, 2017, using coded language in electronic communications, Co-conspirator 1 informed defendant CAMARGO that Co-conspirator 1 had obtained cocaine in Colombia and that Co-conspirator 1 was waiting to obtain marijuana in Colombia before shipping both the cocaine and marijuana from Colombia to Panama.

5. Between November 13 and 15, 2017, defendant CAMARGO arranged for other co-conspirators to transport by boat from Colombia to Panama the cocaine and marijuana that defendant CAMARGO had discussed with Co-conspirator 1 on November 13, 2017.

6. On November 15, 2017, using coded language in electronic communications, defendant CAMARGO told Co-conspirator 1 that the intended route for the drug-laden boat on which defendant CAMARGO's co-conspirators were planning to transport cocaine and marijuana from Colombia to Panama was free of law enforcement.

7. On November 16, 2017, using coded language in electronic communications, Co-conspirator 1 told defendant CAMARGO that the drug shipment would occur that day and suggested that defendant CAMARGO

not use his phone to communicate with Co-conspirator 1 during the shipment in order to avoid law enforcement detection.

    8.  On November 16 and 17, 2017, co-conspirators acting on behalf of and at the direction of defendant CAMARGO transported cocaine and marijuana from Colombia to Panama aboard a boat and buried the drugs in Panama.

    9.  On November 17, 2017, using coded language in electronic communications, defendant CAMARGO told Co-conspirator 1 that the boat carrying the drug shipment had arrived safely that morning in Panama.

    10.  On November 18, 2017, using coded language in electronic communications, defendant CAMARGO told Co-conspirator 1 that law enforcement had located the boat that had been used to transport drugs from Colombia to Panama.

    11.  On November 21, 2017, using coded language in electronic communications, defendant CAMARGO discussed with Co-conspirator 1 the fact that law enforcement had recovered the buried cocaine and marijuana that defendant CAMARGO and Co-conspirator 1 had arranged to transport from Colombia to Panama.

    12.  On January 25 and 26, 2018, using coded language in electronic communications, defendant CAMARGO discussed with Co-conspirator 1 another shipment of cocaine.

//
//
//

13. On May 30, 2018, defendant CAMARGO met with Co-conspirator 1 in Panama and discussed future shipments of cocaine.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL A. CHEN
Assistant United States Attorney
Chief, International Narcotics, Money Laundering, & Racketeering Section

SHAWN J. NELSON
Assistant United States Attorney
Deputy Chief, International Narcotics, Money Laundering, & Racketeering Section

BENEDETTO L. BALDING
Assistant United States Attorney
International Narcotics, Money Laundering, & Racketeering Section

MATTHEW J. ROSENBAUM
Assistant United States Attorney
International Narcotics, Money Laundering, & Racketeering Section