Carlos N. Iriarte (SBN 187327)
Law Office of Carlos N. Iriarte
714 W. Olympic Boulevard, Suite 718
Los Angeles, California 90015
(213) 746-6644
(213) 746-4435 Facsimile
carlos.n.iriarte@gmail.com

Attorney for Defendant,
JORGE RUBEN CAMARGO-CLARKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 20-CR-00390-AB |
| Plaintiff, | DEFENDANT JORGE CAMARGO-CLARKE'S NOTICE OF MOTION & MOTION TO DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE AN ESSENTIAL ELEMENT |
| v. | |
| JORGE RUBEN CAMARGO-CLARKE, | DATE: January 26, 2026 |
| Defendant. | TIME: 10:00 a.m. |

1  Defendant JORGE R. CAMARGO-CLARKE ("Camargo") respectfully
2  asks this Court to dismiss the Indictment for failure to provide any evidence
3  of an essential element of the offense. Camargo makes this motion under
4  Federal Rule of Evidence 12 and under the Fifth & Sixth Amendments to
5  the United States Constitution.
6  January 20, 2026                         Respectfully submitted,

                                            *Carlos N. Iriarte*
                                            _____
                                            Carlos N. Iriarte
                                            Attorney for Defendant
                                            JORGE R. CAMARGO-CLARKE

# MEMORANDUM OF POINTS & AUTHORITIES

## I. HISTORICAL BACKGROUND OF GRAND JURY PROCEEDINGS

The grand jury's historic functions include "both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions." *U. S. v. Calandra*, 414 U. S. 338, 343 (1974). Accordingly, the grand jury is "meant to be an independent check on the ability of the government to bring criminal charges against individuals." *In re U. S.*, 441 F. 3d 44, 57 (1st Cir. 2006); *see also U. S. v. Suarez*, 263 F. 3d 468, 481 (6th Cir. 2001) (grand jury is a "defendant's main protection against the bringing of unfounded criminal charges").

Unfortunately, the grand jury has not remained faithful to its historical purpose. A common criticism of the modern grand jury is that it has become the rubber stamp of the prosecutor. As one federal judge famously stated: "This great institution of the past has long ceased to be the guardian of the people for which purpose it was created at Runnymede. Today it is but a convenient tool for the prosecutor—too often used solely for publicity. Any experienced prosecutor will admit that he can indict anybody at any time for almost anything before a grand jury." *U. S. v. Dionisio*, 410

U. S. 19, 23 (1973) (Douglas, J., dissenting) (quoting Senior District Judge William Campbell of the Northern District of Illinois).

And indeed, statistics bear out the extent of control wielded by the prosecutor over the grand jury. In only a minuscule fraction of cases do federal grand juries reject a prosecutor's request for an indictment. *See* Mark Motivans, Federal Justice Statistics, 2016 Statistical Tables, U.S. DEP'T OF JUSTICE, BUREAU OF JUST. STAT., at 13 tbl.2.3 (Dec. 2020), (noting that no true bill was returned in only six cases in fiscal year 2016).

This grand jury transcript in this case as to the essential element of the supposed nexus of the drugs found in Panama to the United States is entirely lacking evidence and shall be dismissed.

## II. THE GRAND JURY TRANSCRIPT FAILS TO PROVIDE ANY EVIDENCE TO ESTABLISH THE NEXUS OF THE DRUGS TO THE UNITED STATES

Attached as Exhibit A are the grand jury transcripts and as a friendly reminder, the Court ordered the release of the transcripts as to the nexus issue only. The nexus requirement is an essential element of the only count alleged in this Indictment, 21 U.S.C. § 959. This statute prohibits the distribution or manufacture of a controlled substance outside of the United States with intent, knowledge, or with "reasonable cause to believe that such substance or chemical will be unlawfully imported into the United

4

States." And "In order to apply extraterritorially a federal criminal statute to a defendant consistently with due process, there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair", *U. S. v. Davis*, 905 F. 2d 245, 248-49 (9th Cir. 1990) (internal citation omitted), as is the case here.

As evidenced by the transcript, no evidence was presented as to this nexus issue. And in fact, Camargo reasons with this Court that the Government's inquiries and Special Agent Efrain Estrada's responses were misleading at a minimum. For example, Camargo directs this Court to lines 6-10 on USAO Supp 15980. This is false because there is no evidence that Camargo made arrangements to have the cocaine transported to the United States. That is the Government's allegation in the Indictment, which is not evidence.

To further show the Government's failure to allege an essential element of the only count, is demonstrated in when a grand juror asked the Government a question, USAO Supp 015982, line 23 to 15983, line 17. Specifically, the juror asked, "What does this – these narcotics sales have anything to do with the United States other than it's suspected that it was going to make it eventually at one point the United States?" The

Government did not reply with evidence from the special agent but rather re-read the indictment, and once again, this is not evidence.

In *U. S. v. Du Bo*, 186 F. 3d 1177, 1179 (9th Cir. 1999), the Indictment failed to allege the required *mens rea*—an implied and necessary element that the government was required to prove. *Id.* at 1179-80. Although the District Court denied the motion to dismiss the Indictment pretrial, the Ninth Circuit reversed the conviction, reasoning that the defendant's indictment "fails to ensure that he was prosecuted only on the basis of facts presented to the grand jury." *Id.* (citing *U. S. v. Rosi*, F. 3d 409, 414 (9th Cir. 1994)). The Ninth Circuit further reasoned that "[f]ailing to enforce this requirement would allow a court to 'guess as to what was in the minds of the grand jury at the time they returned the indictment.'" *Id.* (citing *U. S. v. Keith*, 605 F. 2d 462, 464 (9th Cir. 1979), *Russell v. U. S.*, 369 U. S. 749 (1962)). "Such guessing would deprive the defendant of a basic protection that the grand jury was designed to secure, by allowing a defendant to be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *Id.* (internal citations omitted). In addition, a conviction based on an indictment that fails to allege an essential element of the offense should be dismissed because it fails to properly allege an offense against the United States. *Id.* And the Ninth

Circuit in *U. S. v. Qazi*, 975 F. 3d, 989, 991, in following the *Du Bo* rule unequivocally held that an Indictment missing an element that is properly challenged before trial must be dismissed.

Given the Government's failure to allege the nexus element, as is required under 21 USC § 959 at the Grand Jury hearing, Defendant Jorge Camargo respectfully asks this Court to dismiss the Indictment.

January 20, 2026                    Respectfully submitted,

*Carlos N. Iriarte*
_____
Carlos N. Iriarte
Attorney for Defendant
JORGE R. CAMARGO-CLARKE